**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **RONALD GLEN HEATHERLY,** | ) |
| **Plaintiff,** | ) |
| vs. | ) No. 3:15-CV-3200-K-BH |
| **DALLAS COUNTY JAIL,** | ) |
| **Defendant.** | ) Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this *pro se in forma pauperis* case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the case should be **DISMISSED** for failure to prosecute or follow court orders.

**I. BACKGROUND**

The plaintiff filed this civil rights action against the defendant on October 2, 2015. Because he was a prisoner when he filed this action while a prisoner, he was subject to the Prison Litigation Reform Act (PLRA) and was required to pay the $350 filing fee as provided in 28 U.S.C. § 1915(b)(1). On November 6, 2015, the plaintiff submitted his answers to a magistrate judge's questionnaire, stating that he expected to be released on from custody on November 23, 2015. (*See* doc. 6.) On November 30, 2015, he was granted permission to proceed *in forma pauperis* in this action without an initial partial filing fee and to pay the fee in monthly installments from his prison account as permitted under § 1915(b)(2). (*See* doc. 7.)

By a separate order dated November 30, 2015, the plaintiff was ordered to pay the outstanding balance of the filing fee within fourteen (14) days. (*See* doc. 8.) He did not comply with that order. On December 2, 2015, plaintiff submitted a notice of change of address that showed he was no longer incarcerated. (*See* doc. 9.) On January 5, 2016, plaintiff submitted another notice

of change of address that showed he was no longer incarcerated. (*See* doc. 12.) By order dated January 7, 2016, the plaintiff was again ordered to pay the outstanding balance on the filing fee within fourteen (14) days. (*See* doc. 13.) The plaintiff has not complied with either order to pay the fee. Both orders specifically warned that if plaintiff did not comply, his action could be dismissed. More than fourteen days have passed, but the plaintiff has not paid the filing fee or filed anything else in this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

Although the plaintiff is no longer in any jail or prison facility, he remains subject to the provisions of the PLRA because he was in custody when he filed this action. *See Gay v. Tex. Dep't of Corr. State Jail Div.*, 117 F.3d 240, 242 (5th Cir. 1997). Under the PLRA, prisoners may not file an action or an appeal without prepayment of the filing fee in some form. *Id.* at 241. The provision of the PLRA that allows for payments of the filing fee in installments only applies while the prisoner remains in custody. *See* 28 U.S.C. § 1915(b)(2). Because the plaintiff was released from custody, he was required to pay the filing fee before his action could proceed further. *See* 28 U.S.C. § 1915(b)(1).

By orders dated November 30, 2015, and January 7, 2016, the plaintiff was given fourteen days to pay the remainder of the filing fee. (docs. 8, 13.) He was specifically warned that if he did not comply with that order, the case could be dismissed. Because the plaintiff failed to comply with

2

an order that he pay the filing fee and has not filed anything else, this case should be dismissed for failure to prosecute or follow an order of the court to pay the filing fee.

### III.  RECOMMENDATION

This case should be **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders, unless the plaintiff pays the filing fee within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SIGNED this 2nd day of March, 2016.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE